COURT OF APPEALS
DECISION
DATED AND FILED

April 14, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP420**

Cir. Ct. No.  **2017JV46**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

IN THE INTEREST OF A.M.J., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

    PETITIONER-RESPONDENT,

  V.

A. M. J.,

    RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Polk County: DANIEL J. TOLAN, Judge. *Affirmed*.

¶1    STARK, P.J.[1]   Adam appeals a dispositional order adjudicating him delinquent on one count of criminal damage to property, as a party to the crime.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

(continued)

Adam argues the circuit court should have granted his motion to dismiss the delinquency petition because the State failed to comply with the time limits set forth in WIS. STAT. §§ 938.24 and 938.25. We conclude that regardless of whether the State complied with those time limits, the court did not erroneously exercise its discretion by denying Adam's motion to dismiss. We therefore affirm.

## BACKGROUND

¶2 On June 4, 2017, Polk County sheriff's deputy Troy Olson was dispatched to the Scotts' property, which was located outside the City of Amery, in response to a trespass complaint. Dispatch had received information that two vehicles had driven beyond a gate on the Scotts' property. After obtaining the license plate numbers for the suspect vehicles, which were still on the Scotts' property, Olson learned the vehicles were registered to the Morrisons, who lived in the City of Amery. Olson went to the Morrisons' residence and learned they were unaware their vehicles had been taken from their property.

¶3 Olson then contacted officer John Carlson of the Amery Police Department regarding the thefts of the Morrisons' vehicles. When Carlson arrived at the Morrisons' residence to take the theft report, Olson departed for the Scotts' property to further investigate their trespass complaint. Upon his arrival, Olson observed damage to the Morrisons' vehicles, to the Scotts' gate, and to two vehicles belonging to the Scotts.

---

For ease of reading, we refer to both the appellant and the victims using pseudonyms, rather than their initials.

¶4      The Amery Police Department later identified Adam as a suspect in its investigation of the vehicle thefts. The police department referred the matter to the Polk County Human Services Department on June 20, 2017. On July 19, Leigh Wahlen, an intake worker with that department, referred Adam to the Polk County District Attorney's Office for the filing of a delinquency petition. Wahlen's referral listed the alleged offenses as operating a vehicle without the owner's consent, contrary to WIS. STAT. § 943.23, and criminal damage to property, contrary to WIS. STAT. § 943.01(2).

¶5      The district attorney's office filed a delinquency petition against Adam on August 2, 2017, in Polk County case No. 2017JV33 ("the first petition"). Although the first petition is not part of the record in this appeal, it appears undisputed that the only offense alleged in that petition was operating a vehicle without the owner's consent. Adam was apparently adjudicated delinquent of that offense during a fact-finding hearing on September 21, 2017.

¶6      Five days later, on September 26, Adam's attorney received a message from an assistant district attorney stating that the district attorney's office planned to file another delinquency petition against Adam unless he agreed to pay restitution for the property damage suffered by the Scotts. Adam refused to do so. On the same day, Polk County Sheriff's Department investigator Lisa Ditlefsen "received a request" to refer Adam to the Polk County Human Services Department "for criminal damage to property in violation of [WIS. STAT. §] 943.01(1)." Wahlen received that referral on October 11, and the following day she referred Adam to the district attorney's office for the filing of a second delinquency petition arising out of the events that had occurred on June 4. Wahlen's October 12 referral listed the alleged offense as criminal damage to property.

¶7    On October 31, 2017, the district attorney's office filed the delinquency petition underlying this appeal in Polk County case No. 2017JV46 ("the second petition").  The second petition alleged a single count of criminal damage to property, contrary to WIS. STAT. § 943.01(1), as a party to the crime.  Adam moved to dismiss the second petition, alleging the State had failed to comply with the time limits set forth in WIS. STAT. §§ 938.24 and 938.25.  The circuit court denied Adam's motion, concluding the State had complied with the relevant time limits.  Adam was subsequently adjudicated delinquent.  He now appeals, arguing the court erred by denying his motion to dismiss.

## DISCUSSION

¶8    The procedure for instituting delinquency proceedings against a juvenile is set forth in WIS. STAT. §§ 938.24 and 938.25.  Section 938.24(1) provides that unless a citation has been issued under WIS. STAT. § 938.17(2), "information indicating that a juvenile should be referred to the court as delinquent … shall be referred to an intake worker."[2]  The intake worker must then "conduct an intake inquiry on behalf of the court to determine whether the available facts establish prima facie jurisdiction and to determine the best interests of the juvenile and of the public with regard to any action to be taken."  Sec. 938.24(1).

¶9    Following the intake inquiry, if the intake worker determines that the juvenile should be referred to the court, he or she "shall request that the district attorney … file a [delinquency] petition."  WIS. STAT. § 938.24(3).  "The intake worker shall request that a petition be filed … within 40 days after receipt of

_____

[2] It is undisputed that this case does not involve a citation issued under WIS. STAT. § 938.17(2).

4

referral information." Sec. 938.24(5). Within twenty days after the intake worker files a request for a delinquency petition, the district attorney must either "file the petition, close the case, or refer the case back to intake or, with notice to intake, the law enforcement agency investigating the case." WIS. STAT. § 938.25(2)(a).

¶10 Here, the record shows that the Polk County Sheriff's Department referred the instant case to intake worker Wahlen on October 11, 2017, with an alleged offense of criminal damage to property. The record further shows that Wahlen asked the district attorney's office to file the second delinquency petition on October 12—well within the forty-day time limit set forth in WIS. STAT. § 938.24(5). The district attorney's office then filed the second petition on October 31—less than twenty days after Wahlen filed her request. *See* WIS. STAT. § 938.25(2)(a). Thus, applying the plain language of §§ 938.24 and 938.25, the record shows that the State complied with the time limits set forth in those statutes when filing the second petition.

¶11 Adam nevertheless argues the State did not timely file the second petition because the first petition had already been filed against him in Polk County case No. 2017JV33 based on the same events that gave rise to the second petition. In essence, Adam argues that a single criminal incident can give rise to only one referral and delinquency petition, and the second petition in this case therefore should have been dismissed because it was filed outside the time limits that governed the first petition. Adam does not cite any case law or statutory authority directly supporting this argument. Instead, he argues that allowing multiple referrals and delinquency petitions based on a single incident to be filed at different times would circumvent one of the purposes of the juvenile justice system—i.e., to provide "speedy" adjudications for juvenile offenders. *See **State v. Hezzie R.***, 219 Wis. 2d 848, 896, 580 N.W.2d 660 (1998) ("The juvenile system

is premised on the concept that a more informal, simple, and speedy judicial setting will best serve the needs and welfare of juvenile defendants." (citation omitted)).

¶12     Ultimately, we need not resolve the issue of whether the State complied with the time limits set forth in WIS. STAT. §§ 938.24 and 938.25 when it filed a second referral and delinquency petition against Adam based on his conduct during the June 4, 2017 incident. Instead, we conclude that regardless of whether the State complied with those time limits, the circuit court did not erroneously exercise its discretion by denying Adam's motion to dismiss the second petition.

¶13     As the State correctly observes, the time limits set forth in WIS. STAT. §§ 938.24 and 938.25 are not absolute. After setting forth the forty-day time limit for an intake worker to request a delinquency petition, § 938.24(5) states: "The court shall grant appropriate relief as provided in [WIS. STAT. §] 938.315(3) with respect to any petition that is not referred or filed within the time period specified in this subsection." Section 938.25(2)(a), which contains the twenty-day time limit for the district attorney's office to file a delinquency petition, similarly states: "The court shall grant appropriate relief as provided in s. 938.315(3) with respect to a petition that is not filed within the applicable time period in this paragraph."

¶14     WISCONSIN STAT. § 938.315(3), in turn, states: "Failure by the court or a party to act within any time period specified in this chapter does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdiction." The statute further provides:

6

> If the court or a party does not act within a time period specified in this chapter, the court, while assuring the safety of the juvenile, may grant a continuance under sub. (2), dismiss the petition with or without prejudice, release the juvenile from secure or nonsecure custody or from the terms of a custody order, or grant any other relief that the court considers appropriate.

*Id.*

¶15    Under the plain language of WIS. STAT. § 938.315(3), it is clear that a circuit court is not required to dismiss a delinquency petition if the State fails to comply with the time limits set forth in WIS. STAT. §§ 938.24 and 938.25.  Instead, § 938.315(3) grants the court discretion to fashion an appropriate remedy.[3]  Here, the court determined it was appropriate to deny Adam's motion to dismiss and to allow the second petition to proceed to a fact-finding hearing.  We conclude, for three reasons, that the court did not erroneously exercise its discretion in that regard.[4]

¶16    First, the two referrals to intake worker Wahlen were made by different agencies.  The Amery Police Department made the first referral, while the Polk County Sheriff's Department made the second referral.  It appears from

---

[3] When determining the appropriate remedy for a time limit violation, a circuit court must "assur[e] the safety of the juvenile." WIS. STAT. § 938.315(3).  The State asserts that in this case, Adam's safety was not at issue because he was subject to in-home placement.  Adam does not dispute the State's assertion, and we therefore deem the point conceded.  *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979).

[4] "A circuit court erroneously exercises its discretion if it applies an improper legal standard or makes a decision not reasonably supported by the facts of record." *260 N. 12th St., LLC v. DOT*, 2011 WI 103, ¶38, 338 Wis. 2d 34, 808 N.W.2d 372.  The circuit court did not expressly rely on the reasoning set forth below in support of its decision to deny Adam's motion to dismiss the delinquency petition.  However, when we review a discretionary decision, we may search the record for reasons to sustain the court's exercise of discretion.  *See Hughes v. Hughes*, 223 Wis. 2d 111, 120, 588 N.W.2d 346 (Ct. App. 1998).

the record that the Amery Police Department was the primary investigating agency regarding the vehicle thefts, as the vehicles were taken from a residence in the City of Amery. Conversely, it appears the Polk County Sheriff's Department primarily investigated the damage to the Scotts' property, which was located outside the city. The participation of two law enforcement agencies investigating different violations that occurred in different jurisdictions supports a determination that the filing of separate referrals and delinquency petitions at different times was reasonable and appropriate.

¶17 Second, the two delinquency petitions involved different victims. The first petition alleged that Adam had taken the Morrisons' vehicles without their consent. The second petition alleged he had damaged the Scotts' property. This factor further supports a determination that the State appropriately filed the two delinquency petitions at different times.

¶18 Third, as noted above, it is undisputed that Adam was not placed outside the home during the pendency of the delinquency proceedings. Thus, any delay caused by the State's filing of separate delinquency petitions did not result in Adam remaining in custody outside of his home for a longer period than if the State had filed a single delinquency petition charging both counts.

¶19 Based on these factors, the circuit court could reasonably conclude that: (1) the State had appropriate reasons for filing separate referrals and delinquency petitions regarding the vehicle theft count and the property damage count at different times; and (2) the filing of two petitions at different times did not prejudice Adam. Under these circumstances, the court could reasonably determine that dismissal of the second petition was not a suitable remedy for the State's alleged violations of the statutory time limits and that it would instead be

appropriate to allow the matter to proceed to a fact-finding hearing. As such, the court did not erroneously exercise its discretion by denying Adam's motion to dismiss.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.